**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ROCELYN HENRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | ____________________ |
| | ) | |
| **BAKKT, LLC,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**COMPLAINT**

COMES NOW Plaintiff Rocelyn Henry and files this Complaint against Defendant BAKKT, LLC (the "Company") for damages and other relief for violations of the Pregnant Workers Fairness Act, 42 U.S.C.S. § 2000gg, *et seq*. ("PWFA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Family Medical Leave Act, 29 USC § 2601 *et seq*. (the "FMLA").

## JURISDICTION AND VENUE

**1.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**2.**

Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because the Defendant resides in this this District and maintains its registered agent in Marietta, Georgia.

## ADMINISTRATIVE PREREQUISITES

**3.**

Plaintiff has exhausted all administrative requirements necessary to bring her claims. Plaintiff filed an EEOC charge based on her claims under the PWFA, Title VII, and ADA within 180 days of the PWFA, Title VII, and ADA-violative conduct at issue. The EEOC issued its Notice of Right to Sue on February 14, 2024.

**4.**

This action is timely filed with respect to Plaintiff's ADA and PWFA claims as less than 90 days have passed since Plaintiff's receipt of the Notice of Right to Sue for the same.

## THE PARTIES

**5.**

Defendant holds itself out as a company providing services related to cryptocurrency custody, trading, and onramp solutions, though it also provides outsourced customer support/ call center services.

**6.**

Plaintiff was an employee of Defendant whose primary duty was to field calls from clients of certain credit card providers in order to coordinate flight and hotel bookings.

## STATEMENT OF FACTS

**7.**

Ms. Henry began working for Defendant in or about May 2022. Her position was entirely remote.

**8.**

In November 2022, Ms. Henry discovered that she was pregnant.

**9.**

In March 2023, Defendant announced that it would be requiring employees to return to the office part-time in the near future. Ms. Henry then revealed her pregnancy to the Company and requested an accommodation that

would permit her to keep working from home until her due date on July 24, 2023, at which time she would begin FMLA leave.

**10.**

In early July 2023, Ms. Henry attended a doctor's appointment where her doctor informed her that due to complications with her pregnancy, they would have to induce labor to begin on July 17, 2024, a week earlier than originally anticipated.

**11.**

That same day, Ms. Henry informed Defendant that she would need to begin her FMLA leave one week sooner to accommodate for the fact that delivery was being induced that much sooner.

**12.**

Later the very same day, Defendant terminated her employment purportedly for missing calls, but many other non-pregnant, non-disabled employees were not fired for worse performance in this respect.

## COUNT I
## VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT-DISCRIMINATION, FAILURE TO ACCOMMODATE

**13.**

Plaintiff incorporates all prior paragraphs by reference as if fully set forth herein.

**14.**

Plaintiff was protected under the PWFA due to her pregnancy.

**15.**

Plaintiff was capable of performing the essential functions of her position in her employment with Defendant with reasonable accommodation for her pregnancy. She was thus a qualified individual under the PWFA.

**16.**

Plaintiff's request that her leave for her pregnancy begin one week sooner was a request for a reasonable accommodation.

**17.**

Defendant terminated Plaintiff due to its unwillingness to accommodate this request.

**18.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT II
## VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT-RETALIATION

**19.**

Plaintiff incorporates all prior paragraphs by reference as if fully set forth herein.

**20.**

By requesting reasonable accommodations for her pregnancy, Plaintiff engaged in protected activity under the PWFA.

**21.**

Defendant retaliated against Plaintiff by terminating her for making these requests.

**22.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT III
## VIOLATION OF TITLE VII-DISCRIMINATION

**23.**

Plaintiff incorporates all prior paragraphs by reference as if fully set forth herein.

**24.**

As a pregnant woman, Plaintiff was a protected individual under Title VII.

**25.**

Defendant discriminated against Plaintiff by terminating her employment on a disparate basis, as other, similarly situated non-pregnant employees were not terminated for even more severe issues related to answering calls.

**26.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT IV
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT-DISCRIMINATION

**27.**

Plaintiff incorporates all prior paragraphs by reference as if fully set forth herein.

**28.**

Plaintiff was disabled for purposes of the ADA due to the limitations imposed upon her by her pregnancy and its complications, including standing for long periods of time, bending, sleeping.

**29.**

Defendant also regarded Plaintiff as disabled.

**30.**

Plaintiff was capable of performing the essential functions of her position in her employment with Defendant with reasonable accommodations. She was thus a qualified individual under the ADA.

**31.**

Defendant discriminated against Plaintiff by terminating her employment on a disparate basis, as other, similarly situated non-disabled employees were not terminated for even more severe issues related to answering calls.

**32.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

**COUNT V**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT-DISCRIMINATION, FAILURE TO ACCOMMODATE**

**33.**

Plaintiff incorporates all previous paragraphs by reference as if fully set forth herein.

**34.**

Plaintiff's request that her leave begin one week sooner were requests for a reasonable accommodation.

**35.**

Defendant terminated Plaintiff due to its unwillingness to accommodate this request.

**36.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

**COUNT VI**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT-RETALIATION**

**37.**

Plaintiff incorporates all prior paragraphs by reference as if fully set forth herein.

**38.**

By requesting reasonable accommodations for her disability, Plaintiff engaged in protected activity under the ADA.

**39.**

Defendant retaliated against Plaintiff by terminating her for making these requests.

**40.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT VII
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT-INTERFERENCE

**41.**

Plaintiff incorporates all prior paragraphs by reference as if fully set forth herein.

**42.**

Defendant denied Plaintiff benefits to which she was entitled under the FMLA by terminating her employment rather than providing her leave to which he was entitled.

**43.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

## COUNT VIII
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT- RETALIATION

**44.**

Plaintiff incorporates all prior paragraphs by reference as if fully set forth herein.

**45.**

By taking steps to procure leave allowed by the FMLA, Plaintiff engaged in protected activity.

**46.**

Defendant retaliated against Plaintiff for this protected activity by terminating her.

**47.**

Plaintiff is entitled to all damages permitted by law under this count, including but not limited to, compensatory damages, emotional distress damages, punitive damages, and attorneys' fees and costs.

**WHEREFORE** Plaintiff respectfully requests judgment in her favor on each count in this Complaint and demands:

1. A Jury Trial;
2. Judgment in Plaintiff's favor and against Defendant under all claims in this Complaint;
3. An order requiring Defendant to make whole Plaintiff by providing her with out-of-pocket losses as well as back pay in an amount equal to the sum of wages lost as a result of Defendant's actions and equitable relief including reinstatement or front pay, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;
4. Statutory/liquidated damages and/or penalties under Title VII and the FMLA;
5. Punitive damages;
6. An Order granting Plaintiff her reasonable attorney's fees and all other fees and costs associated with this action;
7. Declarative and injunctive relief appropriate to remedy Title VII and FMLA violations;

8. Interest; and

9. Such other and further relief as is just and proper.

This 25th day of March 2024.

*/s/ S. Graham White*
James M. McCabe
Georgia Bar No. 724618
jim@mccabe-lawfirm.com
S. Graham White
Georgia Bar No. 535538
graham@mccabe-lawfirm.com

The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA 30326
Office: (404) 250-3233
Fax: (404) 400-1724

Attorneys for Plaintiff Rocelyn Henry